UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ERNEST GREEN, JR.,

        Petitioner,

                                             CASE NO. 09-CV-12899
v.                                    HONORABLE BERNARD A. FRIEDMAN

DEBRA SCUTT,

        Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

**I.**     **Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2241. Petitioner Ernest Green, a

Michigan prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson,

Michigan, is challenging his extradition from California to Michigan on a parole violation warrant.

He contends that the State of Michigan "had actual and constructive knowledge" of his whereabouts

since January, 2005 and "failed to proceed with reasonable diligence to issue and execute a warrant

for [his] arrest or to enact a violation of [his] parole." Petitioner claims that the State of Michigan

lost jurisdiction to extradite him and violated his due process rights. He seeks release from custody.

For the reasons stated herein, the Court dismisses without prejudice the petition for writ of habeas

corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma*

*pauperis*.

**II.**     **Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  This holds true for habeas petitions challenging state parole revocation proceedings and decisions.  *See Brewer v. Dahlberg*, 942 F.2d 328, 337-39 (6th Cir. 1991); *Blosser v. Scutt*, No. 2:08-CV-12453, 2008 WL 4965348, *1-2 (E.D. Mich. Nov. 17, 2008) (Zatkoff, J.); *Knuckles v. Bell*, No. 08-CV-10942, 2008 WL 1743494, *1 (E.D. Mich. April 14, 2008) (Duggan, J.); *Simmons v. Michigan Dept. of Corrections Parole Bd.*, No. 2:07-CV-15442, 2008 WL 62459, *1 (E.D. Mich. Jan. 3, 2008) (Cohn, J.).  Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns.  *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).  The exhaustion requirement is satisfied when the state appellate courts have been given "a full and fair opportunity" to rule on the petitioner's claims.  *Rust*, 17 F.3d at 160.  The burden is on the petitioner to prove exhaustion.  *Id*.

In this case, Petitioner fails to indicate what steps he has taken, if any, to exhaust available remedies in the state courts by challenging his extradition or the revocation of his parole.  Petitioner has available state court remedies to challenge his parole revocation proceedings and current confinement which must be exhausted before he seeks federal habeas review.  The Michigan Administrative Procedures Act, Mich. Comp. L. § 24.201 *et seq*., provides an inmate whose parole has been revoked with the right to seek judicial review of the revocation decision with the Michigan

circuit courts. *See Penn v. Department of Corrections*, 100 Mich. App. 532, 298 N.W.2d 756 (1980). Petitioner has not done so with respect to his claims challenging his parole revocation. Nor has he pursued his claims in the Michigan Court of Appeals or the Michigan Supreme Court. *See* Mich. Ct. R. 7.205, 7.302.[1]

Petitioner may also challenge the revocation of his parole by filing a complaint for writ of habeas corpus in the appropriate state circuit court. *See* Mich. Comp. L. § 600.4301 *et seq*., Mich. Ct. R. 3.303; *Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862 (1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 380-81 (E.D. Mich. 1991). There is no time limitation for when such a complaint may be filed, so long as the prisoner will be in custody when the circuit court enters judgment. *See Triplett*, 142 Mich. App. at 778. Although the denial of such a writ is not appealable by right, the petition may be renewed by filing an original complaint for writ of habeas corpus with the Michigan Court of Appeals. *Id*. Denial of such a complaint by the Michigan Court of Appeals is subject to review by the Michigan Supreme Court. *See* Mich. Ct. R. 7.301. Petitioner has failed to demonstrate that he has exhausted available state court remedies prior to filing his federal habeas petition. Absent the exhaustion of those remedies, his petition is premature and must be dismissed.

**III.    Conclusion**

For the reasons stated, the Court concludes that Petitioner has failed to establish that he has fully exhausted his state court remedies concerning the matters at issue in this case.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of

---

[1]The APA requires that an appeal from an agency ruling be made within 60 days of the ruling. *See* Mich. Comp. L. § 24.304(1). This remedy may therefore no longer be available to Petitioner.

habeas corpus.  The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling.

Accordingly, the Court **DENIES** a certificate of appealability.

The Court further **DENIES** Petitioner leave to proceed in forma pauperis on appeal as any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

**SO ORDERED**.

S/Bernard A. Friedman
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 26, 2009

4